## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

vs.

**PETER YIN,**
        **Defendant.**

**CASE NO: 4:19-MJ-695-KPJ-1**

## ORDER OF DETENTION PENDING TRIAL

### Part I – Eligibility for Detention

Upon the

☒ Motion of the Government pursuant to 18 U.S.C. § 3142(f)(1), or

☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This Order sets forth the Court's finding of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II – Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** (*previous violator*): There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; or

    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; or

    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); or

    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or

☐ **(e)** any felony that is not otherwise a crime of violence but involves: (i) a minor victim; (ii) the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); (iii) any other dangerous weapon; or (iv) a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; and

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** (*narcotics, firearm, other offenses*): There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**:

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis.

OR

☒ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III – Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven by:

☒ clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

Defendant is charged in a Criminal Complaint with a violation of 21 U.S.C. § 846 (Conspiracy to Possess with the Intent to Manufacture and Distribute a Mixture or Substance containing a detectable mount of Fentanyl and Methamphetamine). The United States moved to detain.

A detention hearing was held on December 5, 2019. The Government was represented by Assistant United States Attorney Jay Combs, and Defendant was represented by Michael Levine. The Court finds Defendant should be detained.

Special Agent Derek Hubert ("SA Hubert") of Homeland Security Investigations ("HSI") testified regarding details of the alleged offenses and investigation leading to Defendant's arrest. SA Hubert testified that Ryan Pearson died of a fentanyl overdose in Fairview, Texas, on December 28, 2018. The Drug Enforcement Agency ("DEA") investigated and identified that Pearson obtained counterfeit oxycodone pills from Ben Westin, who had received such pills from Gary Collin Bussell. SA Hubert further testified that the investigation identified Bussell as the cell head of a drug trafficking organization that was distributing counterfeit oxycodone (containing fentanyl) and counterfeit Adderall (containing methamphetamine). According to SA Hubert, as corroborated by multiple cooperating defendants, Defendant was the source of supply for Bussell for at least the eighteen months prior to his October 30, 2019, arrest. Defendant purchased counterfeit oxycodone and Adderall in bulk quantities from a pill press in Houston and then sold the counterfeit pills to the Bussell organization. One of the cooperating defendants stated he had traveled with Defendant to make such purchases in Houston approximately eight different times. SA Hubert testified that the fentanyl, which was disguised as oxycodone, that caused Pearson's death was sold by Defendant. SA Hubert further testified that Defendant trafficked approximately fifty-four thousand purported oxycodone pills and eighteen thousand purported Adderall pills. For these reasons, SA Hubert opined that Defendant is a danger to the community.

SA Hubert further opined that Defendant is a flight risk, having traveled extensively both nationally and internationally in prior years, with increasing frequency in 2019. Investigation of bank documents seized at the time of Defendant's arrest revealed Defendant received a payment of $35,000.00, from a Cambodian account, as well as a $9,000.00, wire payment from a co-conspirator and another $9,000.00, wire payment from an individual currently under investigation in a similar drug conspiracy in Virginia.

According to Defendant, he began the use of cocaine at age twenty-eight, but purportedly no longer uses it. Regarding employment, Defendant claimed to have been self-employed for the last seven years, buying automobiles at auction and selling them for profit; however, Defendant's employment could not be verified, as Defendant maintains no place of business, no website, etc.

Defendant's childhood friend, Christopher Lee, testified that he would be willing to act as a third-party custodian for Defendant. Mr. Lee is a financial consultant who lives with his wife, who works as a nurse, and two young children. The Court holds Mr. Lee and his family's efforts to provide a suitable residence for Defendant in high regards. Under the circumstances, however, the Court believes Mr. Lee is not a suitable custodian for Defendant.

Because the Court cannot fashion any condition or combination of conditions that will reasonably assure appearance of Defendant as required in these proceedings, the United States' Motion for detention is **GRANTED**, and Defendant is detained pending trial.

In addition to any findings above or other findings made on the record at the hearing, the reasons for detention include the following:

- ☒ Weight of evidence against the defendant is strong
- ☒ Subject to lengthy period of incarceration if convicted
- ☐ Prior criminal history
- ☐ Participation in criminal activity while on probation, parole, or supervision
- ☐ History of violence or use of weapons
- ☒ History of alcohol or substance abuse
- ☒ Lack of stable employment
- ☐ Lack of stable residence
- ☐ Lack of financially responsible sureties
- ☐ Lack of significant community or family ties to this district
- ☒ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☐ Prior attempt(s) to evade law enforcement
- ☐ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☐ Prior violations of probation, parole, or supervised release

**Part III - Directions Regarding Detention**

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**So ORDERED and SIGNED this 9th day of December, 2019.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE