# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA | § |
| | § |
| v. | §    CRIMINAL ACTION NO. 4:19-CR-264-SDJ |
| | § |
| GARY COLLIN BUSSELL (1) | § |
| BEN WESTIN (2) | § |
| SCOTT PERRAS (3) | § |
| FRANK ERIC DOCKERY (4) | § |
| WILLIAM GRANT ALLBROOK (5) | § |
| AUSTIN SEYMOUR (6) | § |
| LISA YOUNG (7) | § |
| GEORGE WAGNER III (8) | § |
| GINA CORWIN (9) | § |
| TODD SHEWMAKE (10) | § |
| PETER YIN (11) | § |

### AMENDED ORDER GRANTING DEFENDANT WAGNER III'S MOTION FOR CONTINUANCE, DENYING DEFENDANT SHEWMAKE'S MOTION FOR SEVERANCE, AND GRANTING DEFENDANT ALLBROOK'S AMENDED MOTION TO CONTINUE

On November 27, 2019, Defendant George Wagner III submitted a motion for continuance, incorrectly representing to the Court that the motion was "unopposed." (Dkt. #110). On December 2, 2019, the Court granted the motion (Dkt. #112) and issued an Amended Pre-Trial Order (Dkt. #113). Two days later, Defendant Todd Shewmake filed a response in opposition to Defendant Wagner's motion for continuance and in opposition to a similar motion for continuance filed by Defendant Austin Seymour. (Dkt. #122). Defendant Shewmake also moved, in the alternative, for a severance.

In this Amended Order, the Court will address Defendant Shewmake's opposition to the continuance requested by Defendant Wagner and granted by the Court. The Court will also address Defendant Shewmake's alternative motion for severance. Having reviewed the record, the parties'

written submissions, and the applicable law, the Court will **AMEND** its prior order granting Defendant Wagner's continuance motion (Dkt. #112) to now include the Court's ruling that the continuance granted by the Court does not violate Defendant Shewmake's rights under the Speedy Trial Act or the Sixth Amendment, and that Defendant Shewmake's alternative motion for severance is **DENIED**.

Also before the Court is Defendant William Grant Allbrook's Amended Motion to Continue Final Pretrial Conference and All Trial-Related Deadlines. (Dkt. #135). The Court **GRANTS** Defendant Allbrook's Amended Motion to Continue. (Dkt. #135).

## BACKGROUND

A grand jury returned an indictment against Defendants Gary Collin Bussell, Ben Westin, Scott Perras, Frank Eric Dockery, William Grant Allbrook, Austin Seymour, Lisa Young, George Wagner III, Gina Corwin, and Todd Shewmake. (Dkt. #1). Pre-Trial Orders set the final pre-trial conference on January 6, 2020 for all Defendants. (Dkt. #58, #107, #118).

Defendant Wagner filed an Unopposed Motion for Continuance to Extend Deadlines, requesting the Court to reset the final pre-trial conference. (Dkt. #110). The Court issued an Order granting the motion (Dkt. #112), and issued an Amended Pre-Trial Order resetting the deadlines, including the final pre-trial conference now set for March 2, 2020 (Dkt. #113). Days later, Defendant Shewmake filed an Amended Response in Opposition, arguing that the continuance would violate the Speedy Trial Act and that his trial should be severed under Federal Rule of Criminal Procedure 14. (Dkt. #122). The government has filed a response to Defendant Shewmake's Speedy Trial Act argument and alternative severance motion. (Dkt. #149).

Because the Court's Amended Pre-Trial Order did not include Defendant Allbrook, he has filed an Amended Motion to Continue, asking the Court to continue the trial deadlines, including the final pre-trial conference set for January 6, 2020. (Dkt. #135).

On December 12, 2019, the grand jury returned the first superseding indictment in this matter, adding a defendant, modifying counts, and adding counts against various defendants. (Dkt. #136).

## DISCUSSION

### I. The Continuance Granted by the Court Does Not Violate the Speedy Trial Act or the Sixth Amendment.

In his Amended Response in Opposition, Defendant Shewmake argues that any continuance of the final pre-trial conference set on January 6, 2020, violates his right to a speedy trial under the Speedy Trial Act and the Sixth Amendment. The Court disagrees.

#### a. The Speedy Trial Act

The Speedy Trial Act generally requires that the trial of a criminal defendant begin within 70 days of the filing of an information or indictment or the defendant's initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). However, the Act recognizes some circumstances that toll the 70-day deadline. *Id.* § 3161(h). Relevant here, the Act excludes "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." *Id.* § 3161(h)(7).

"Under subsection (h)(7), the speedy trial clock does not begin to run in a multi-defendant prosecution until the last codefendant makes his initial appearance in court." *United States v. Franklin*, 148 F.3d 451, 455 (5th Cir. 1998). This applies to cases in which the last codefendant is added through a superseding indictment, if "the government seeks to widen the scope of the

criminal investigation so as to try [other] conspirators" and is not merely "circumventing the speedy trial guarantee through the simple expedient of obtaining superseding indictments with minor corrections." *United States v. Harris*, 566 F.3d 422, 429 (5th Cir. 2009) (quoting *United States v. Parker*, 505 F.3d 323, 327 (5th Cir. 2007) (internal quotation marks omitted). When the government files a superseding indictment for legitimate reasons, "the starting point for the speedy trial clock is thus reset to the date of the arraignment" on the superseding indictment. *Id.* (quoting *Parker*, 505 F.3d at 327) (internal quotation marks omitted).

Although the government has asserted four independent grounds for rejecting Shewmake's speedy-trial argument (Dkt. #149), the Court need only address the joinder of a codefendant under section 3161(h)(7). Here, the government was not merely "circumventing the speedy trial guarantee through the simple expedient of obtaining superseding indictments with minor corrections." *Id.* (quoting *Parker*, 505 F.3d at 327) (internal quotation marks omitted). The first superseding indictment adds a defendant and charges current defendants, including Shewmake, with additional crimes. For example, Defendant Allbrook is now charged with four counts of criminal misconduct (counts one, two, five, and eight), rather than two. Defendant Allbrook is also now charged with a violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 that resulted in a death. The new defendant, Peter Yin, faces the same charge, among others. And Defendant Shewmake himself now faces charges of multiple violations of 21 U.S.C. § 846, premised on his alleged participation in the drug organization's possession and distribution of several controlled substances, including methamphetamine, oxycodone, cocaine, and fentanyl. *Compare* (Dkt. #136) *with* (Dkt. #1).

In so doing, the government properly sought to widen the scope of the criminal investigation. *See United States v. Franklin*, 148 F.3d 451, 457 (5th Cir. 1998) ("The delay in

bringing [a co-conspirator] to trial was properly excludable from [the movant's] seventy-day speedy trial timetable as it was necessary to achieve a joint trial."). The speedy trial clock for Shewmake will reset when the last codefendant, Peter Yin, makes his initial appearance in court. Because Yin has not done so, and the delay has not been unreasonable, the continuance granted by the Court does not run afoul of the Speedy Trial Act.

### b. Sixth Amendment

The Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U.S. CONST. amend. VI. Determining whether that right has been violated requires a preliminary determination of whether the time elapsed between accusation and trial is "presumptively prejudicial." *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972); *United States v. Bergfeld*, 280 F.3d 486, 488 (5th Cir. 2002). While this determination depends on the nature of the charges, courts have generally found "delay 'presumptively prejudicial' at least as it approaches one year." *Doggett v. United States*, 505 U.S. 647, 652 n.1, 112 S.Ct. 2686, 2691, 120 L.Ed.2d 520 (1992); *see also Bergfeld*, 280 F.3d at 488. If the time elapsed does not rise to the level of presumptive prejudice, the inquiry stops there. *United States v. Frye*, 372 F.3d 729, 736 (5th Cir. 2004) ("The *Barker*-analysis is undertaken *only* if delay-length is sufficient to make it presumptively prejudicial.").

Here, the delay in time between accusation and trial does not rise to the level of presumptive prejudice. Shewmake was initially set for trial on January 6, 2020, in accordance with his speedy trial rights. The Court determined that the ends of justice are served by granting a two-month continuance to allow joint trial involving all codefendants and to allow the necessary time for counsel to prepare effectively for trial, and held that the period of delay is excludable time

under the Speedy Trial Act. Under the circumstances, the continuance does not run afoul of the Sixth Amendment.

## II. Defendant Shewmake Is Not Entitled to Severance Under Federal Rule of Criminal Procedure 14.

Defendant Shewmake has moved in the alternative for severance of the case against him. Shewmake claims that he will be prejudiced by joint trial with his codefendants, and that therefore he is entitled to severance under Federal Rule of Criminal Procedure 14. Shewmake's argument turns on his contention that his trial rights and the jury's decision-making will be compromised by the drug-organization evidence he anticipates will be presented against his codefendants because Shewmake maintains he is not a member of the organization, or that he had a minor role in the organization. The Court disagrees.

As the Fifth Circuit has admonished, "severance is an *exception*," and controlling case law "does not reflect a liberal attitude toward [it]." *United States v. Ledezma-Cepeda*, 894 F.3d 686, 690 (5th Cir. 2018) (emphasis in original); *see also United States v. Perez*, 489 F.2d 51, 65 (5th Cir. 1973) ("Motions for severance under Rule 14 have rarely been granted . . . ."); *Peterson v. United States*, 344 F.2d 419, 422 (5th Cir. 1965) (same). Severance is justified "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Ledezma-Cepeda*, 894 F.3d at 690 (quoting *Zafiro v. United States*, 506 U.S. 534, 539, 113 S.Ct. 933, 938, 122 L.Ed.2d 317 (1993)) (internal quotation marks omitted). "To promote judicial economy and the interests of justice, the federal system prefers joint trials of defendants who are properly charged in joint indictments, particularly in conspiracy cases." *E.g.*, *United States v. Daniel*, 933 F.3d 370, 380 (5th Cir. 2019) (internal quotation marks and citations omitted).

In order to overcome this heavy presumption, a defendant "must show that (1) the joint trial prejudiced him to such an extent that the district court could not provide adequate protection; and (2) the prejudice outweighed the government's interest in economy of judicial administration." *Ledezma-Cepeda*, 894 F.3d at 690 (internal quotation marks omitted). "Generic allegations of prejudice will not suffice, for neither a quantitative disparity in the evidence nor the presence of a spillover effect requires a severance." *Id.* (internal quotation marks omitted). "Additionally, in conspiracy cases we generally favor specific instructions over severance . . . because it is generally presumed that juries follow the instructions given to them by the district court and are capable of compartmentalizing the evidence against each defendant." *Id.* (cleaned up).

Shewmake's request for the "drastic relief" of severance is unwarranted. *See Perez*, 489 F.2d at 65. His claim of prejudice rests primarily on the argument that he is uninvolved in the drug organization. The indictment, the evidence, and common sense suggest otherwise. Shewmake has been indicted on three counts, all arising from drug activities related to the organization dating back to 2014. The government introduced corroborating investigation testimony and text-message evidence showing several instances of Shewmake seeking to purchase large quantities of drugs from the organization. In the face of the evidence already presented against Shewmake, his claim that he is merely a user is unpersuasive. Further, given the existing evidence of Shewmake's involvement with the drug organization, the Court also finds unconvincing Shewmake's assertion that he will face prejudice from evidence introduced against codefendants concerning the organization's activities.

In any event, any prejudice that Shewmake might hypothetically face at trial could be cured through jury instructions and evidentiary rulings. While this drug conspiracy case involves several defendants and multiple crimes, it is not so complex that a jury will be unable to understand the

facts relevant to each defendant's conduct. The Supreme Court and the Fifth Circuit have consistently encouraged using "less drastic measures, such as limiting instructions, . . . to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539, 113 S.Ct. 933; *Daniel*, 933 F.3d at 380. The Court sees no reason to depart from that path here. Because Shewmake has failed to present any legitimate allegation of prejudice, and because "Rule 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts," *Zafiro*, 506 U.S. at 539, 113 S.Ct. 933, Shewmake's motion for severance is **DENIED**. (Dkt. #122).

### III. Defendant Allbrook's Amended Motion to Continue Final Pretrial Conference and All Trial-Related Deadlines

Defendant Allbrook filed an Amended Motion to Continue Final Pretrial Conference and All Trial-Related Deadlines. (Dkt. #135). The Court, having considered the factors set forth in 18 U.S.C. § 3161, finds as follows:

1. Defendant Allbrook's request is made knowingly, intelligently, and voluntarily.

2. The government has no objection to a continuance.

3. Having considered the factors listed in 18 U.S.C. § 3161(h)(7)(B), the Court finds that the ends of justice served by granting Defendant Allbrook's request outweigh the best interests of the public and the Defendant in a speedy trial.

4. The Court finds that in the interest of justice, Defendant Allbrook's case shall be tried together with all codefendants. *See* 18 U.S.C. § 3161(h)(6) (excluding "[a] reasonable period of delay when the Defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted").

5. This continuance is required to assure the necessary time for counsel to prepare effectively for trial, taking into account the exercise of due diligence.

6. The period of delay due to the motion for continuance is the period from the date of the motion through the date of the new trial setting, and this is excludable time under the Speedy Trial Act.

For these reasons, Defendant Allbrook's Motion is **GRANTED**. (Dkt. #135).

**CONCLUSION**

The Court **AMENDS** its prior order granting Defendant Wagner's continuance motion (Dkt. #112) to hold that the continuance granted does not contravene Defendant Todd Shewmake's rights under the Speedy Trial Act or the Sixth Amendment.

It is further **ORDERED** that Defendant Shewmake's severance motion, included in his Amended Response in Opposition to Defendants George Wanger III and Austin Seymour's Unopposed Motion to Continue Deadlines or Alternatively, Motion for Severance and Memorandum in Support, is **DENIED**. (Dkt. #122).

It is further **ORDERED** that Defendant William Allbrook's Amended Motion to Continue Final Pretrial Conference and All Trial-Related Deadlines is **GRANTED**. (Dkt. #135). Defendant Allbrook's case is **reset** for **Pretrial Conference and Trial Scheduling** on **March 2, 2020, at 9:00 a.m.** Defendant Allbrook's case will be governed by the deadlines set forth in the Amended Pre-Trial Order entered by the Court on December 2, 2019. (Dkt. #113).

**So ORDERED and SIGNED this 18th day of December, 2019.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE